# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2025-2081
LT Case No. 2023-DR-003051

———————————————————

RONALD CANNON,

    Petitioner,

    v.

RACHAEL LANE,

    Respondent.

———————————————————

Petition for Certiorari Review of Order
from the Circuit Court for Seminole County,
Mark Edward Herr, Judge.

Natalie P. Mescolotto, of NM Legal, P.A., Plantation, for
Petitioner.

Nicholas A. Shannin and Carol B. Shannin, of the Shannin Law
Firm, P.A., Orlando, for Respondent.

July 24, 2026

EISNAUGLE, J.

Ronald Cannon petitions this court for a writ of certiorari challenging the trial court's order compelling Cannon to submit to genetic testing to determine paternity. We grant the petition and quash the order.

## I

At the age of thirty-nine, Rachael Lane filed a petition seeking adult support from Cannon. But Cannon's paternity had never been established. Therefore, as part of her support proceeding, Lane asked that the court order Cannon to submit to a DNA test. Cannon objected, arguing that because the statute of limitations had expired on any action to determine paternity, the trial court lacked authority to order DNA testing. The trial court granted Lane's request and ordered Cannon to submit to a paternity test, reasoning that an action for adult support may be filed at any time.

## II

"To be entitled to certiorari relief the State must establish three elements: (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on a plenary, direct appeal." *State v. Lobato*, 394 So. 3d 1219, 1221 (Fla. 6th DCA 2024). The second and third elements are jurisdictional. *Id.* at 1222.

The harm caused by an erroneous order compelling a person to submit to genetic testing is irreparable. *See, e.g.*, *Rosich-Medina v. Chilaud*, 426 So. 3d 578, 581 (Fla. 3d DCA 2025) ("Irreparable harm exists if a party is wrongfully forced to submit to a paternity test."); *Dep't of Rev. ex rel. Brown v. Gardner*, 416 So. 3d 1167, 1169 (Fla. 5th DCA 2025) ("When entered in error, an order that compels paternity testing causes irreparable harm because it cannot be corrected once the testing occurs."); *Dep't of Rev. ex rel. Zelaya v. Trochez*, 343 So. 3d 668, 671 (Fla. 3d DCA 2022) ("Given the intrusive nature of the compulsory testing, we further conclude that the departure results in harm that cannot be remedied on plenary appeal."); *Dep't of Rev. ex rel. Meeker v. Silva*, 214 So. 3d 766, 768 (Fla. 5th DCA 2017) ("[T]he irreparable harm requirement allowing this court to exercise jurisdiction has been met because any error in an order requiring a child to submit to paternity testing cannot be corrected on plenary appeal once the genetic testing is completed."); *Dep't of Rev. v. Hartsell*, 189 So. 3d 363, 366 (Fla. 1st DCA 2016) ("This Court ha[s] repeatedly held

that an order erroneously requiring paternity testing constitutes irreparable harm." (alteration in original) (citation omitted)); *Flores v. Sanchez*, 137 So. 3d 1104, 1106 (Fla. 3d DCA 2014) (granting petition for writ of certiorari challenging order compelling paternity testing); *Dep't of Rev. ex rel. T.E.P. v. Price*, 958 So. 2d 1045, 1046 (Fla. 2d DCA 2007) (holding the order "for the improper genetic testing requiring a blood draw" cannot be corrected on direct appeal); *Dep't of Rev. ex rel. Gardner v. Long*, 937 So. 2d 1235, 1237 (Fla. 1st DCA 2006) ("We find that subjecting Mother and Child to a potentially intrusive test that is outside the court's jurisdiction is enough to constitute irreparable harm."). As Florida's district courts have consistently held, the harm caused by a potentially intrusive, and erroneously ordered, paternity test cannot be fully corrected on direct appeal. We therefore have jurisdiction.

The order also departs from the essential requirements of law. Florida law permits a dependent adult child to seek support "at any time after he or she reaches the age of 17 years and 6 months." § 61.1255(2)(c), Fla. Stat. (2025). But that statute governs support proceedings; it says nothing about establishing paternity. In contrast, section 95.11(3)(a) applies to an "action relating to the determination of paternity" and requires such an action to be commenced within four years after the child reaches the age of majority. § 95.11(3)(a), Fla. Stat. (2025). In this case, the pleadings establish that the part of Lane's petition seeking to establish paternity has been time-barred for years.

## III

Lane argues, unconvincingly, that the order does not violate clearly established law because no Florida court has interpreted the interplay between sections 61.1255 and 95.11, Florida Statutes. But unambiguous statutes alone can establish clear law. *See Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 890 (Fla. 2003) (recognizing that "clearly established law can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law"). Thus, the absence of a judicial decision interpreting these precise statutes is not dispositive. That conclusion follows from basic separation of powers principles. Florida's courts do not wield legislative power.

*See* Art. II, § 3, Fla. Const.; Art. III, § 1, Fla. Const. Instead, constitutional legislative enactments themselves constitute the law.

In this case, the statutes are unambiguous. Section 61.1255(2)(c) applies to an action for adult support, which may be commenced at any time. Section 95.11(3)(a), on the other hand, applies to an action to determine paternity, which must be brought within four years "from the date the child reaches the age of majority." Although Lane may seek adult support at any time, the predicate determination of paternity remains subject to the limitations period established by section 95.11(3)(a). For that reason, the order compelling Cannon to submit to DNA testing departs from the essential requirements of law.

PETITION GRANTED; ORDER QUASHED.

WALLIS and LAMBERT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4